JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2713 PA (AGRx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | Faranak Safa v. Lerner New York, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Lerner New York, Inc. ("Defendant") on April 20, 2016. Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Faranak Safa ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

The Notice of Removal alleges that Defendant "is informed and believes, and on that basis alleges, that Plaintiff is now, and was at the time the State Court Action was commenced, a citizen of the

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2713 PA (AGRx) | Date | April 25, 2016 |
|---|---|---|---|
| Title | Faranak Safa v. Lerner New York, Inc. | | |

State of California within the meaning of 28 U.S.C. § 1332(a). Complaint, ¶ 8 (stating that '[t]hroughout her employment with Defendant, Plaintiff has been residing . . . [in] West Hills, California . . . .')." (Notice of Removal ¶ 9.) As the Notice of Removal indicates, Plaintiff alleges in her Complaint that during her employment with Defendant she "has been residing . . . [in] West Hills, California . . . ." (Compl. ¶ 8.) Because an individual is not necessarily domiciled where he or she resides, Defendant's allegation, on information and belief, that Plaintiff is a California citizen based on an allegation of residence, is insufficient to establish Plaintiff's citizenship. See Kanter v. Warner-Lambert Co., 265 F.3d at 857. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). Moreover, Plaintiff's Complaint alleges her residence only for the time period [f]rom on or about May 7, 2012, until she was constructively terminated on or about October 14, 2015" and that "[t]hroughout her employment with Defendant, Plaintiff has been residing" at the West Hills address. (Compl. ¶ 8.) For purposes of diversity jurisdiction, a parties' citizenship is assessed at the time an action is commenced, and for a removed case, must exist both at the time of filing and the time of removal. See Strotek Corp. v. Air Transport Ass'n, 300 F.3d 1129, 1131 (9th Cir. 2002) ("[W]e start with the core principle of federal removal jurisdiction on the basis of diversity—namely, that it is determined (and must exist) as of the time the complaint is filed and removal is effected."). Defendant's allegations of Plaintiff's domicile, which are based only on where Plaintiff resided during her employment, and not necessarily where she is resided when the action was filed and removed, does not meet Defendant's burden to establish Plaintiff's citizenship. As a result, Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.

     Therefore, Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. BC 614196. See 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.